PEOPLE, PLAINTIFF AND APPELLANT, v. CENTRAL EUREKA, INC., ET AL., DEFENDANTS AND APPELLEES.

Appeal from the District Court of Mayagüez in *Quo Warranto* Proceedings.—Motion for Dismissal.

No. 2722.—Decided November 12, 1923.

APPEAL—BRIEF—DILIGENCE.—In order that an appellant may successfully resist a motion for dismissal on the ground that no brief was filed, he must show

that he was diligent; and an appellant who permits a seventh extension of time to expire without filing his brief and had not filed it on the day of the hearing on the motion for dismissal, notwithstndaing the fact that 47 days elapsed from the time the last motion for an extension, made out of time, was overruled until the hearing on the motion, does not show diligence, and under such circumstances the appeal should be dismissed.

The facts are stated in the opinion.

*Messrs. J. Alemañy Sosa* and *L. Feliú* for the appellant.
*Mr. J. Sabater* for the appellees.

Mr. Justice Wolf delivered the opinion of the court.

This was a proceeding begun on June 30, 1921, at the instance of a minority stockholder to test some alleged *ultra vires* acts of the corporation Central Eureka and to seek a forfeiture of the charter of said corporation. The case came on to be heard in August, 1921, and at the hearing the district court granted some twenty or thirty days to file a brief. After a consideration of the various arguments and the various briefs filed, the court, with a detailed and studious opinion, rendered judgment against the relator on March 4, 1922. An appeal was noted on April 4, 1922. The record was certified up to this court on February 14, 1923. On the 17th day of February, 1923, all the attorneys filed a stipulation agreeing to give appellant thirty days, counting from the time fixed by our rules, to file a brief. On March 19, 1923, appellant came into this court and said he would need at least thirty days additional time, which was granted. On the 29th of March, 1923, the appellees moved to dismiss because the brief was not filed in time, but this court overruled the motion because the time had been extended. On the 19th day of April appellant obtained another extension of thirty days, and others in May, June and July. In August appellant made another application for an extension, this time of twenty days, and this court granted twenty days, counting from August 23rd. This time expired on September 12, 1923. On September 19th appellant made another application for an extension, which the court denied as the time had expired, but added the customary clause

"without prejudice to rights of the parties." This clause means that if appellant will file a brief before a motion to dismiss, the motion will not be entertained.

Likewise, if an appellant shows diligence and promptly files a brief before the motion to dismiss is heard, the court will generally use its discretion to allow the filing thereof.

On the 2nd day of October, 1923, a motion to dismiss was filed in this court and notified to appellant the same day. No brief has been filed.

The appellant has filed an answer or "opposition" to the motion. Therein the appellant sets up numerous cases of a public and private nature which have absorbed the time of his attorney to the evident neglect of this appeal. We cannot doubt the good faith of counsel for appellant and that he probably has an enormous amount of professional work and that he did intend to file a brief when matters of perhaps greater importance were out of the way. The appellees, however, have definite rights fixed by our rules which exist in cases of this kind to put a limit to the pendency of appeals. The absorption of time extending over eight months is no excuse for the failure to file a brief. For short periods this court will consider such absorption, especially when there is a long record as here. If counsel, however, has a number of cases all crying for attention at the same time, he must obtain assistance. Such matters are personal to counsel, and if an undue amount of time has been allowed to elapse the discretion of this court cannot successfully be invoked.

The first extension of time was made by stipulation, which was already some intimation that appellees were pressing for a hearing and also something of a representation of the time necessary for preparation. Indeed, in the successive motions for extension counsel sets forth that such a time is necessary. It is evident, besides, that a brief could be prepared in thirty days or less. Counsel here has had eight times that amount of time.

Counsel for appellant said that the extensions were generally for thirty days, but the last one only for twenty days and that he was misled thereby although the mistake was his own. Nevertheless, from the 19th day of September, when this court refused to extend as the time had expired, until November 5th, when this court heard the motion, in all 47 days, no attempt was made to file a brief or even the points of error relied on.

It is important to note, too, that counsel had already submitted a brief to the court below and must be presumed to have the case more or less in hand. Furthermore, the case has been pending for two years and is one where the business and rights of an active corporation might be affected by the nature of the suit, as its rights to manufacture sugar, its rights to buy stocks of other corporations, and other rights are attacked.

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.